# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:10-CV-260-FDW-DSC

| | |
|---|---|
| SHIRLEY R. HARDIN, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| FRANCIS KATEH and ANSON COUNTY HEALTH DEPARTMENT, | ) |
| Defendants. | ) |

THIS MATTER is before the Court upon *pro se* Plaintiff's "Motion for Preliminary Injunction Against Transfer of Assets"[1] filed on August 23, 2010. (Doc. No. 11). The Defendant(s)[2] filed a timely response on September 2, 2010. The Plaintiff did not file a reply by the deadline, which was September 13, 2010. The Court has reviewed these documents and Plaintiff's Complaint, and at this time, Plaintiff's motion is DENIED for the reasons set forth.

Plaintiff was a former employee with the Anson County Health Department, and alleges that Defendant(s) wrongfully discriminated against her based on sex and national origin. Plaintiff states that she had her office keys taken away, her probation was extended, that she was demoted, and wrongfully discharged. Plaintiff also contends she was denied opportunities to attend important training, and was not provided with a job description or feedback. Plaintiff further appears to allege unequal pay, and a "breech [sic] of confidentiality." (Doc. No. 11 at 5).

After commencing a suit against Defendant(s) for employment discrimination, Plaintiff now

---

[1] Plaintiff specifically requests a "Preliminary Injunction" though the Court notes from a procedural standpoint that Plaintiff may also be requesting a temporary restraining order. The Court has considered both, but denies such relief for the reasons set forth.

[2] As "Defendant(s)" note, it is unclear from Plaintiff's Complaint whether Plaintiff has sued "Anson County Health Department" in addition to Dr. Francis Kateh in his official capacity only.

petitions the Court for a preliminary injunction preventing the transfer of Defendant Dr. Francis Kateh's assets. Plaintiff maintains this injunction is necessary because Dr. Kateh is now employed outside of the country,[3] and Plaintiff contends that Dr. Kateh will sell or transfer these assets to avoid a possible judgment. (Doc. No. 11 at 1). Plaintiff further urges the Court to appoint a receiver to manage and operate Dr. Kateh's assets so that he will not become judgment-proof.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 376 (2008). To obtain a preliminary injunction, the plaintiff must establish: (1) that plaintiff is likely to succeed on the merits; (2) that plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. Winter, 129 S.Ct. at 374. All four requirements must be satisfied. Id. Courts may not issue an injunction "based only on a possibility of irreparable harm," but rather an injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 129 S.Ct. at 375 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)).

In the instant case, Plaintiff's requested relief must be denied for several reasons. First, Plaintiff has made no showing that she is likely to succeed on the merits. Second, Plaintiff has failed to make a showing of irreparable harm. Here, monetary damages would be an adequate remedy at law should the Court later find that Defendant(s) wrongfully discriminated against Plaintiff. See Holbrook v. Univ. of Virginia, --- F. Supp. 2d. ----, 2010 WL 1417807, at * 4 (W.D. Va. April 5, 2010) (recognizing that where harm may be compensated by monetary relief, courts do not generally find irreparable harm (citing Sampson v. Murray, 415 U.S. 61, 90 (1974) and Hughes Network Sys.

---

[3] Defendant(s) acknowledge that Dr. Kateh is no longer employed with the Anson County Health Department for reasons unrelated to this action, and that Dr. Kateh pursued an employment opportunity abroad.

v. InterDigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994))). Even Plaintiff does not appear to contest that monetary damages would remedy her harm. (Doc. No. 11). In fact, the very reason Plaintiff attempts to obtain an injunction is to protect against Defendant transferring and selling assets, which Plaintiff believes could later be used to satisfy a possible judgment. Further, Plaintiff has presented no supporting documentation or identified any of Dr. Kateh's assets that would be the subject of this injunction. Considering all of this, the Court cannot grant Plaintiff's request for a preliminary injunction.[4]

Finally, for similar reasons, the Court also DENIES Plaintiff's request that a receiver be appointed to manage and operate property of the Defendant Dr. Kateh. See 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2983 (2d ed. 1997) ("[T]he party seeking [a receiver] must show that he or she has some legally recognized right in [defendant's] property that amounts to more than a mere claim against defendant." (citations omitted)).

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's "Motion for Preliminary Injunction Against Transfer of Assets" (Doc. No. 11) is DENIED.

The Clerk is directed to send a copy of this Order to *pro se* Plaintiff, at 177 Anson High School Rd, Pinebluff Apt #205, Wadesboro, NC 28170, which is Plaintiff's address of record.

IT IS SO ORDERED.　　　　　　　　　　Signed: September 21, 2010

Frank D. Whitney
United States District Judge

---

[4] The Court is also not convinced that the relief requested is appropriate for a case where Plaintiff has no present equitable interest in or lien against Defendant's assets or property. See United States ex rel. Rahman v. Oncology Assocs., 198 F.3d 489 (4th Cir. 1999).