# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-260-FDW-DSC

| | |
|---|---|
| SHIRLEY R. HARDIN, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| FRANCIS KATEH and ANSON COUNTY HEALTH DEPARTMENT, | ) |
| Defendants. | ) |

THIS MATTER is before the Court on Defendants' Motion to Strike or in the Alternative, for Leave to File a Sur-Reply. (Doc. No. 22). For the reasons set forth, Defendant's Motion is DENIED in part and GRANTED in part.

Plaintiff, who is proceeding *pro se*, filed suit using a form complaint on June 10, 2010, alleging gender and national-origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* In support of Plaintiff's Complaint, she attached a right-to-sue letter, issued on March 11, 2010 by the Equal Employment Opportunity Commission ("EEOC") in relation to EEOC Charge Number 430-2008-02137. (Doc. No. 2 at 18-19). After discovery commenced, Defendants moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), noting the EEOC Charge of Discrimination form associated with Charge Number 430-2008-02137 only alleged *racial* discrimination as the basis for Plaintiff's charge against Defendants. (Doc. No. 15-1). Plaintiff did not check the boxes for gender or national-origin discrimination in this charge. Accordingly, Defendants argued Plaintiff has failed to exhaust her administrative remedies as to the gender and national-origin claims. On January 26, 2011, the Court stayed the case in light of Defendants' jurisdictional challenge. (Doc. No. 20).

After the Court issued a Roseboro notice informing Plaintiff of the burden she bears in confronting Defendants' motion to dismiss, Plaintiff filed a timely response in opposition to Defendants' motion on January 13, 2011 (Doc. No. 17), and Defendants replied on January 19, 2011. (Doc. No. 18). Apparently in response to Defendants' reply, Plaintiff sent a letter to the undersigned's chambers, which was filed in the docket sheet of this case on February 3, 2011. (Doc. No. 21). This letter supplements Plaintiff's response in opposition to Defendants' motion to dismiss. Plaintiff's letter indicates that it was apparently a mistake to omit a claim for racial discrimination from her Title VII Complaint and that she has filed a separate EEOC Charge (Charge Number 430-2010-02193) alleging gender and national-origin discrimination by Defendants.

It is well-settled that "[a] document filed *pro se* is 'to be construed liberally' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Accordingly, given the unique procedural posture of this case, where Plaintiff has an outstanding EEOC Charge which specifically contemplates the bases for discrimination alleged in her Complaint in addition to a right-to-sue letter on a separate basis for discrimination not alleged in her Complaint, and the fact that Plaintiff is *pro se*, the Court will not strike Plaintiff's supplemental response. Instead, the Court will permit Defendants to sur-reply.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike is DENIED. However, Defendants Motion for Leave to File a Sur-Reply is GRANTED. Defendants will have fourteen (14) days from the date of this Order, or until Monday, February 28, 2011, to file their sur-reply. <u>Plaintiff will not be permitted to file any documents in response to Defendants' sur-reply without first obtaining leave of the Court.</u>

The Clerk is directed to send a copy of this order to *pro se* Plaintiff at 177 Anson High Road,

2

Pinebluff Apartment #205, Wadesboro, NC 28170, which is her address of record, and to counsel for Defendants.

IT IS SO ORDERED.

Signed: February 14, 2011

Frank D. Whitney
United States District Judge