# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10-CV-00260-FDW-DSC

| | |
|---|---|
| SHIRLEY R. HARDIN, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>FRANCIS KATEH and ANSON COUNTY )<br>HEALTH DEPARTMENT, )<br>)<br>Defendants. )<br>) | NOTICE |

THIS MATTER is before the Court on Defendants' renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 33) wherein the Defendants move this Court to dismiss Plaintiff's Amended Complaint (Doc. No. 28) for lack of subject-matter jurisdiction on the grounds that Plaintiff has not exhausted her administrative remedies.[1]

In an abundance of caution, the Court issues this second Notice advising *pro se* Plaintiff of the burden she carries in confronting Defendant's motion. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff that she carries the burden in showing that subject matter jurisdiction exists. In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court

---

[1] The Court converted Plaintiff's response in opposition to Defendant's first motion to dismiss into an Amended Complaint after concluding that Plaintiff's response added a claim for racial discrimination and voluntarily dismissed her then-existing claims for gender- and national-origin discrimination. (Doc. No. 21). Plaintiff's only remaining claim is for racial discrimination. (Doc. No. 27).

should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Id. at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Plaintiff is hereby advised that she has twenty-one (21) days from the date of this order, or until **Tuesday, April 26, 2011** to file her response to Defendants' Motion in light of the above standard. Plaintiff's response must be served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendants. <u>Plaintiff's failure to respond may result in Defendants being granted the relief they seek, which is dismissal of Plaintiff's complaint.</u>

The Clerk is directed to send a copy of this Notice to Plaintiff at 177 Anson High School Rd. Pinebluff Apt. # 205, Wadesboro, NC 28170, which is Plaintiff's address of record, and to counsel for Defendants.

IT IS SO ORDERED.

Signed: April 5, 2011

Frank D. Whitney
United States District Judge