# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-260-FDW-DSC

| | |
|---|---|
| SHIRLEY R. HARDIN, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| FRANCIS KATEH, and ANSON COUNTY HEALTH DEPARTMENT | ) |
| Defendants. | ) |

THIS MATTER is before the Court on Defendants Francis Kateh and Anson County Health Department's[1] (collectively "Defendants") Renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (Doc. No. 33). Defendants' Motion has been fully briefed and is ripe for disposition. Having reviewed the briefs in support and opposition, as well as the applicable law, Defendants' Motion is GRANTED. Because *pro se* Plaintiff failed to exhaust her administrative remedies by seeking relief under state law prior to filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), this Court lacks subject matter jurisdiction to consider Plaintiff's claim.

## I. BACKGROUND

On June 10, 2010, Plaintiff, who is proceeding *pro se*, filed suit using a form complaint alleging gender- and national-origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff's Complaint did not indicate she was alleging racial

---

[1] *Pro se* Plaintiff's Complaint only names Francis Kateh as a Defendant. However, the Fourth Circuit has held that "employees are not liable in their individual capacities for Title VII violations." Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 178 (4th Cir. 1998). Accordingly, the Court will construe Plaintiff's Complaint and Amended Complaint to include claims against Defendant Kateh as an agent of the Anson County Health Department and against the Anson County Health Department under *respondeat superior*.

discrimination. Given the large number of filings by Plaintiff in the form of briefs and miscellaneous letters to the Court, as well as her *pro se* status, the factual allegations of Plaintiff's Complaint are not altogether clear. It appears, however, that Plaintiff alleges that the Anson County Health Department, through Dr. Francis Kateh, discriminated against Plaintiff after she was hired as a County health advisor by, *inter alia*, (1) extending the probationary period under which she started at the Health Department; (2) removing access to an office space that had been designated to Plaintiff's predecessor; (3) failing to nominate her to a health advisory board run by the County; and (4) demoting her from a permanent salaried position to an hourly position and ultimately terminating her employment with the Anson County Department of Health. Plaintiff further alleges that her predecessor, a white female, was not subjected to the same treatment.

Prior to filing suit, Plaintiff filed a Charge of Discrimination with the EEOC, designated Charge No. 430-2008-02137 ("Charge No. 02137"). On March 11, 2010, the EEOC issued to Plaintiff a right-to-sue notice. After discovery commenced, Defendants moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction after discovering that Plaintiff only alleged *racial* discrimination in Charge No. 02137 and failed to allege either gender or national-origin discrimination. (Doc. No. 15-1). Defendants argued that because Plaintiff never filed a charge of discrimination as to gender or national-origin with the EEOC, Plaintiff failed to exhaust her administrative remedies as to those claims and thus the Court lacked subject matter jurisdiction. (Doc. No. 15).

After Plaintiff responded to Defendants' motion and Defendants replied in turn, Plaintiff filed a sur-response indicating she had mistakenly omitted a claim for racial discrimination in her Complaint and indicating that she had filed a separate EEOC charge of discrimination (Charge No. 430-2010-02193) alleging gender and national-origin discrimination but had received neither a cause

determination nor a right-to-sue notice from the EEOC. (Doc. No. 21). Because she had received no reply on her second charge of discrimination, Charge No. 430-2010-02193, Plaintiff requested that the Court dismiss the gender and national-origin claims. (Id.) By order dated March 2, 2011, (Doc. No. 27) the Court converted Plaintiff's sur-response into an Amended Complaint (Doc. No. 28) adding a claim for racial discrimination and dismissed Plaintiff's gender and national-origin claims pursuant to Fed. R. Civ. P. 41(a)(2). The Court then denied as moot Defendants' pending motion to dismiss but allowed Defendants to renew their motion at any time. (Doc. No. 31).

Defendants now renew their Motion to Dismiss for lack of subject matter jurisdiction, arguing that as a non-exempt employee of Anson County, Plaintiff was required to pursue state-law remedies prior to filing a charge of discrimination with the EEOC. Because Plaintiff failed to do so, the EEOC's right-to-sue notice pertaining to Charge No. 02137 (alleging racial discrimination) is invalid and this Court lacks subject matter jurisdiction to consider Plaintiff's racial discrimination claim. In an abundance of caution, this Court issued to Plaintiff a second Roseboro notice (Doc. No. 35) reminding Plaintiff of her burden in confronting Defendants' Motion and directing Plaintiff to respond to Defendants' Motion by April 26, 2011. Plaintiff responded on April 11, 2011, (Doc. No. 36) and again on April 29, 2011, (Doc. No. 39) after Defendants replied. The Court allowed Defendants to sur-reply on April 5, 2011, (Doc. No. 42). Defendants' Motion to Dismiss is now fully-briefed.

## II. STANDARD OF REVIEW

Plaintiff has the burden of proving that this Court has subject matter jurisdiction over this lawsuit. See Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Where, as here, a defendant challenges the factual predicate of subject matter jurisdiction, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and

3

may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768-69 (citations omitted); Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). Similar to a motion for summary judgment, the non-moving party must set forth specific facts beyond the pleadings to show that a genuine issue of fact exists. Richmond, 945 F.2d at 769. Thus, this Court will grant the Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

"Before a plaintiff may file suit under Title VII . . ., he is required to file a charge of discrimination with the EEOC." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). This requirement allows the EEOC to determine whether to pursue the charge on the complainant's behalf, or to issue a valid right-to-sue notice allowing a complainant to file suit in the district court. Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 137 (4th Cir. 1995); 42 U.S.C. § 2000e-5(b). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300; see also Davis, 48 F.3d at 140 (noting that without a valid right-to-sue letter from the EEOC, a federal district court has no jurisdiction over a Title VII claim).

While considering Defendants' Motion, the Court remains mindful of Plaintiff's *pro se* status. *Pro se* filings are to be liberally construed and must be held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations omitted).

### III. DISCUSSION

Defendants argue that because Plaintiff has not pursued any claims of discrimination at the state level she has not exhausted her administrative remedies and thus the Court lacks subject matter jurisdiction to consider her racial discrimination claim. (Doc. No. 34). The Court agrees.

4

In addition to the administrative requirements applicable to all Title VII plaintiffs, "when the alleged discrimination occurs in a state that has enacted a law 'prohibiting the unlawful employment practice alleged' and has 'establish[ed] or authoriz[ed] a State or local authority to grant or seek relief from such practice," the plaintiff must seek relief from the state agency before filing a charge with the EEOC. Davis, 48 F.3d at 137 (alterations in the original) (citing New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 62 (1980)). Specifically, 42 U.S.C. § 2000e-5(c) provides that "no charge may be filed [with the EEOC] under subsection(b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated." Importantly, the state agency "must consider the complaint under applicable state law and not merely review the allegations of federal law violations." Greene v. Swain Cnty. P'ship for Health, 342 F. Supp. 2d 442, 448 (W.D.N.C. 2004) (citing Davis, 48 F.3d at 139-40)).

A Title VII complainant may satisfy this requirement in one of two ways. First, a complainant may file a claim under state law with the appropriate state agency and then proceed to the EEOC after she has waited the requisite sixty days. Davis, 48 F.3d at 137. Alternatively, "if the complainant initially filed the complaint with the EEOC, which then referred it to the state, 'the EEOC automatically [will] assume [] concurrent jurisdiction of the complaint' when state proceedings terminate, or upon 'expiration of the 60-day deferral period, whichever comes first.'" Id. (alterations in the original) (quoting New York Gaslight, 447 U.S. at 64).

North Carolina is among the states that has proscribed employment discrimination by state agencies, see N.C. Gen. Stat. §§ 126-16, 126-36, and has designated a state agency, the Office of Administrative Hearings ("OAH"), as the referral agency for claims filed by state employees with the EEOC and as the agency to review charges of discrimination filed by designated state and local

5

government employees. N.C. Gen. Stat. § 7A-759. As a former employee of the Anson County Health Department (Compl. at 1; Hardin Dep. 135:15-16, 148:7-22), Plaintiff was subject to this administrative framework, see N.C. Gen. Stat. § 126-5 (defining all employees covered by the administrative framework as "(1) All State employees not herein exempt, and (2) All employees of the following local entities: . . . c. County health departments and district health departments"), and was required to commence proceedings under state law before Title VII's federal administrative process could begin. Davis, 48 F.3d at 138; Greene, 342 F. Supp. 2d at 447.

As the party seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of establishing that she has exhausted the administrative requirements of Title VII. Thuc Tran v. Sonic Indus. Servs., Inc., No. CIV-10-69-C, 2011 WL 560452 at *4 (W.D. Okla. Feb. 8, 2011) (slip copy) (citing McBride v. CITGO Petrol. Corp., 281 F.3d 1099, 1106 (10th Cir. 2002)). Here, Plaintiff has simply failed to provide any evidence indicating either that she had filed a complaint with the OAH, that the EEOC referred the complaint to the OAH for a period of sixty days as required by 42 U.S.C. § 2000e-5(c), or that Plaintiff requested the EEOC refer her complaint to OAH. See Greene, 342 F. Supp. 2d at 449. In fact, OAH has no record of any claims of discrimination being filed by Plaintiff against Defendants or anyone else, nor does it have any record of ever being referred any matter in connection with Plaintiff. (Supp. Hausen Aff. ¶¶ 3-5). In support of jurisdiction, Plaintiff submits unverified and undated copies of purported email correspondence with a June M. Smith, allegedly the "Compliance Manager" of the OAH's Civil Rights Division (Doc. No. 39 at 3-5), which indicated Plaintiff was required to file a complaint with *either* the OAH *or* the EEOC. (Id. at 5). However, the question of the Court's subject matter jurisdiction is not determined by a state agency, nor does the Court have jurisdiction because Plaintiff apparently relied on the guidance of a state agency and only filed a complaint with the EEOC. Cf. Kokkonen v. Guardian

Life Ins. Co. of. Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden establishing the contrary rests upon the party asserting the jurisdiction" (citations omitted)).

Even assuming, *arguendo*, that Plaintiff had appropriately submitted her racial discrimination complaint to the OAH or the EEOC referred Plaintiff's charge of discrimination to the OAH as required, the Court still does not have jurisdiction over Plaintiff's claim. It is not enough that Plaintiff file a claim of discrimination arising under federal law with the OAH to exhaust the state administrative remedy. Where " a complainant steadfastly maintains that he brought a Title VII claim and the state referral agency unequivocally addresses only that claim, proceedings under state law have not commenced for purposes of section 2000e-5(c)." Davis, 48 F.3d at 139. In addition to there being no evidence that the EEOC ever referred Plaintiff's complaint to OAH or that Plaintiff herself filed a claim with OAH, there is also no evidence that Plaintiff's claim was considered under N.C. Gen. Stat. §§ 126-5, 126-36, or any other North Carolina law instead of federal law. Plaintiff's charge of discrimination, filed with the EEOC, only mentions claims brought under Title VII. (Doc. No. 15-1); Greene, 342 F. Supp. 2d at 449.

Simply put, "[b]ecause OAH never commenced proceedings under the applicable state law, [Plaintiff] never had a charge properly pending before the EEOC. [She] thus was never entitled to a right-to-sue letter from the EEOC and consequently the [Court has] no jurisdiction over [her] claim." Davis, 48 F.3d at 140.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED. Because Plaintiff

has failed to exhaust her administrative remedies, this Court lacks jurisdiction to consider her Title VII claim. Plaintiff's Amended Complaint is therefore DISMISSED.

The Clerk is directed to close this case and send a copy of this Order to Plaintiff at 177 Anson High Rd, Pinebluff Apt. 205, Wadesboro, North Carolina 28170 and to counsel for Defendants.

IT IS SO ORDERED.

Signed: June 27, 2011

Graham C. Mullen
United States District Judge